UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| SIMPLOT LIVESTOCK CO. and J.R. SIMPLOT COMPANY,<br><br>Plaintiffs,<br>vs.<br><br>DAN SUTFIN, ARTHUR SUTFIN, and JOAN SUTFIN,<br><br>Defendants. | Case No. 1:18-cv-0086-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are two Motions to Dismiss (Dkts. 5, 13) filed by Defendants, Dan Sutfin, Arthur Sutfin, and Joan Sutfin (collectively "Sutfins"). Plaintiffs, Simplot Livestock Co. ("Simplot Livestock") and J.R. Simplot Company ("J.R. Simplot") filed responsive briefing (Dkts. 9, 15) and the Motions are now ripe for decision. Having fully reviewed the docket herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decision-making process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

# BACKGROUND

On February 20, 2018, the above-captioned dispute was removed to federal court. (Dkt. 1.) The original Complaint was filed in state court in Elmore County and alleged a single claim of "Pierce the Corporate Veil" against the three Sutfins Defendants. (Dkt. 1-3.) The relief sought is essentially a declaration that the Defendants are individually liable for "any obligations owed by Sutfin Land & Livestock" to the Plaintiffs as well as costs and fees. (*Id.*)

As alleged in the Complaint, the underlying obligation owed by Sutfin Land & Livestock to the Plaintiffs is premised upon a Cattle Feeding, Finance, and Security Agreement ("Agreement") dated June 9, 2014. (*Id.* at ¶ 7.) Further, that Agreement is the subject of a separate lawsuit in the United States District Court for the State of Idaho, *Simplot Livestock Co., et al. v. Sutfin Land & Livestock*, Case No. 1:16-cv-00139-EJL-REB ("*Simplot I*"). Plaintiffs attempted to amend the complaint in *Simplot I* to include a veil piercing claim but their motion was denied on the basis of timeliness. (*Id.* at ¶ 17.)

The previous lawsuit, *Simplot I*, is still being litigated. On August 17, 2018, United States Magistrate Judge Ronald E. Bush issued a 30-page Report and Recommendation (Dkt. 47) on the parties' cross-motions for summary judgment. As relevant herein, Judge Bush recommends denying summary judgment on Plaintiffs' breach of contract claim finding there are material disputes of fact that must be resolved by the fact-finder at trial. (*Id.*). In short, the amount, if any, that Sutfin Land & Livestock owes to Plaintiffs under the Agreement is still in dispute.

On February 21, 2018, Defendants filed a Motion to Dismiss Plaintiffs' Complaint in the above-captioned case ("*Simplot II*"). (Dkt. 5.) Defendants contend that piercing the corporate veil is not an independent claim but is dependent on, or derivate of, a separate, underlying claim. (Dkt. 5-1.) Accordingly, Defendants seek dismissal on the basis that the claim is not one upon which relief can be granted and, in addition, this lawsuit, *Simplot II*, is impermissibly duplicative of another federal action, *Simplot I*. (*Id.*)

In response, Plaintiffs both filed a brief in opposition to the Motion to Dismiss (Dkt. 9) as well as a new pleading, the First Amended Complaint, asserting a total of three claims against the same three Sutfin Defendants: (1) pierce the corporate veil; (2) intentionally fraudulent transfers, and (3) constructively fraudulent transfers. (Dkt. 8.) Plaintiffs allege that Sutfin Land & Livestock owes them $1,041,119.21 under the Agreement. (Dkt. 8, ¶ 26). Plaintiffs ask the Court to pierce the corporate veil and allow Plaintiffs to hold the Sutfins personally liable for the corporation's debts. (*Id.* at ¶ 30.) Plaintiffs further allege that Defendant Dan Sutfin transferred the assets of Sutfin Land & Livestock, including $100,000 in cash, and is operating the same business under a new name- all with the intent or effect of avoiding payment of the debt owed to Plaintiffs. (*Id.* ¶¶ 20-25.)

Defendants responded to Plaintiffs' First Amended Complaint with a second Motion to Dismiss. (Dkt. 13). Defendants seek to dismiss: (1) the entire Amended Complaint on the basis that this lawsuit is impermissibly duplicative of *Simplot I*; (2) Count One, the piercing the corporate veil claim, as to all Defendants; and (3) Counts Two and Three, intentionally fraudulent transfers and constructively fraudulent transfers, as to Defendants Arthur Suftin and Joan Suftin. (Dkt. 13-1.)

MEMORANDUM DECISION AND ORDER- 3

## STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in the pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability standard,' but asks for more than a sheer possibility that a defendant has acted lawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

Although the Court "must take all of the factual allegations in the complaint as true" it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.,* 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

## ANALYSIS

**1.     Defendants' Motion to Dismiss (Dkt. 5) is Denied as Moot.**

As a preliminary matter, Defendants' first Motion to Dismiss (Dkt. 5) is denied as moot. This Motion is directed at the Complaint, which has been superseded by Plaintiffs' Amended Complaint. "[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect ...." *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 927 (9th Cir.2012); *see also Valadez–Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir.2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotation marks omitted).

Further, while the same alleged deficiencies present in the original Complaint are also present in the Amended Complaint, Defendants have addressed these alleged deficiencies in their second Motion to Dismiss. (Dkt. 13.) Accordingly, the Court will focus its analysis on the First Amended Complaint (Dkt. 8) and the arguments raised in the Defendants' Motion to Dismiss Amended Complaint (Dkt 13).

**2.     Defendants' Second Motion to Dismiss (Dkt. 13) is Granted in Part and Denied in Part.**

The instant lawsuit was removed to federal court on the basis of diversity jurisdiction. (Dkt. 1). Plaintiffs are Nevada corporations transacting business in Idaho and Defendants are citizens and residents of California. (*Id.* at ¶¶ 6-10.)

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Accordingly, and as set forth below, the Court applies federal procedural law to

the issue of whether the instant case is impermissibly duplicative. Nonetheless, in doing so, the Court must also consider Idaho law as it applies to: (1) claim preclusion, (2) the substantive claims at issue, and (3) choice-of-law rules.

### A. *This Lawsuit is Not Impermissibly Duplicative of Simplot I.*

Defendants argue that this entire case should be dismissed on the basis that it is duplicative of another federal case, *Simplot I*. Put another way, Defendants argue that Plaintiffs should not be allowed to split their claims into two separate actions.

The anti-claim-splitting doctrine prevents a party from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 533 U.S. 880, 904 (2008) (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (en banc)). To determine whether an action is barred under this doctrine, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Id.* at 689 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 987 n. 1 (10th Cir. 2002)).

The doctrine of claim-splitting is the notion that a party is "not at liberty to split up his demand, and prosecute it . . . piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fails. There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic,* 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr,* 94 U.S. 477, 482 (1876)). The reasons behind the rule against claim-splitting are to "protect the Defendant

MEMORANDUM DECISION AND ORDER- 6

from being harassed by repetitive actions based on the same claim" and to promote judicial economy and convenience. *Clements v. Airport Auth. of Washoe Cnty.,* 69 F.3d 321, 328 (9th Cir. 1995).

District courts retain broad discretion when faced with duplicative or successively-filed lawsuits. *See Adams v. California Dept. of Health Services*, 487 F.3d at 688 (citing *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). "After weighing the equities of the case, the district court may exercise its discretion to [1] dismiss a duplicative later-filed action, [2] to stay that action pending resolution of the previously filed action, [3] to enjoin the parties from proceeding with it, or [4] to consolidate both actions." *Id.*

### (1) Idaho Law Governs the Issue of Claim Splitting.

The parties agree that in determining whether a suit is duplicative, the Court borrows from the test for claim preclusion. (Dkt. 13-1, p. 8; Dkt. 15, p. 9.) In this diversity case, the Court must apply Idaho law regarding claim preclusion to determine whether this successive lawsuit, *Simplot II*, a federal diversity lawsuit filed in Idaho, is precluded by its predecessor, *Simplot I*, also a federal diversity lawsuit filed in Idaho. *See Semtek v. Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Daewoo Electronics America, Inc. v. Opta Corporation*, 875 F.3d 1241, 1246-47 (9th Cir. 2017) ("federal common law requires that we determine the preclusive effect of the prior decision by reference to the law of the state where the rendering federal diversity court sits.").

Under Idaho law, "[c]laim preclusion bars a subsequent action between the same parties upon the same claim or upon claims 'relating to the same cause of action . . . which

MEMORANDUM DECISION AND ORDER- 7

might have been made [in the preceding lawsuit].'" *Ticor Title Co. v. Stanion*, 157 P.3d 613, 617 (Idaho 2007) (quoting *Hindmarsh v. Mock*, 57 P.3d 803, 805 (Idaho 2002)). For claim preclusion to apply, Defendants must establish that both proceedings involve: (1) the same parties or their privies and (2) the same claims. *Id.* at 618-19. Further, in determining whether the claims are the same, Idaho courts apply a "transactional approach," which precludes a second lawsuit involving "claims arising out of the same transaction or series of transactions" as those at issue in the first lawsuit. *Id.* at 620 (quoting *Diamond v. Farmers Group, Inc.*, 804 P.2d 319, 323 (1990)).

    *(2) Under Idaho Law, the Parties are Privies but the Claims are Distinct.*

  It is undisputed that the plaintiffs in *Simplot I* and *Simplot II* are the same. For the purpose of collateral estoppel only, the Court finds the defendants in *Simplot I* and *Simplot II* are functionally the same as "privies."

  In order for claim preclusion to apply, both proceedings must involve the same parties or their privies. *Foster v. City of St. Anthony,* 841 P.2d 413, 418 (Idaho 1992) (quotations omitted). To be privies, a person not a party to the former action must "derive[] his interest from one who was a party to it, that is, ... he [must be] in privity with a party to that judgment." *Id.* (quoting *Kite v. Eckley,* 48 Idaho 454, 459, 282 P. 868, 869 (1929)).

  The Defendants in this lawsuit are the three individual shareholders of Sutfin Land & Livestock, the sole defendant in *Simplot I*. In this lawsuit, Plaintiffs claim that the Defendants are the alter egos of Sutfin Land & Livestock. (Dkt. 8, ¶29.) "There was such a unity of interest and ownership between the individuals and the corporation that the separate personalities of the entity and the individual no longer exist." (*Id.*). Plaintiffs

MEMORANDUM DECISION AND ORDER- 8

further allege that the Sutfins used their control over Sutfin Land & Livestock and, in an effort to avoid paying the Plaintiffs, transferred the assets of the corporation to Defendant Dan Sutfin, an insider, for less than reasonable value. (Dkt. 8, ¶¶ 31-34, 37.)

Plaintiffs' allegations support the conclusion that the defendants in both lawsuits are privies. Plaintiffs cannot reasonably argue that the defendants should be treated as one and the same for the purpose of collecting on a debt but should be treated as different for the purpose of claim preclusion. Furthermore, because Plaintiffs allege that the Sutfins should be held liable for any outstanding debts of Sutfin Land & Livestock, the Sutfins' interests in this lawsuit are derived from those of Suftin Land & Livestock.

Nevertheless, while the parties are functionally the same, the claims are not. Claim preclusion bars subsequent adjudication of "every matter which might and should have been litigated in the first suit." *Magic Valley Radiology, P.A. v. Kolouch,* 849 P.2d 107, 110 (1993) (internal quotations and citations omitted). This includes "all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Id*.

The "transactional concept of a claim is broad" and claim preclusion "may apply even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories." *Id.* (quoting *Aldape v. Akins,* 668 P.2d 130, 135 (Idaho App. 1983)). Whether a factual grouping constitutes a transaction is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

MEMORANDUM DECISION AND ORDER- 9

In *Magic Valley Radiology*, the Idaho Supreme Court considered the application of claim preclusion in a subsequent lawsuit filed by a judgment creditor who had succeeded in an earlier lawsuit on a breach of contract claim. *Id*. at 111. In the subsequent lawsuit, the Idaho Supreme Court held: (1) the judgment creditor's veil piercing claim was barred because it arose from the same transaction as the underlying breach of contract claim and (2) the judgment creditor's claims for fraudulent transfers were not barred because they did not arise from the same transaction. *Id.* at 111-112.

The Idaho Supreme Court distinguished between the two claims on the basis that the personal liability of the shareholders was directly at issue in the breach of contract lawsuit. The shareholders were named parties in the earlier lawsuit and the contract at issue was a contract for services to be performed by the defendants. Because the defendants were named in the prior lawsuit and their direct personal liability was at issue, the Court determined their indirect personal liability, via the corporate veil claim, was part of the same "transaction." In contrast, the allegedly fraudulent transfers were considered part of a separate transaction because they "occurred after the alleged breach of the contractual arrangement that was the subject of the first case." *Id.*

Following the reasoning in *Magic Valley Radiology,* this Court finds that the claims at issue in this lawsuit are separate from the claims at issue in *Simplot I.* The "transaction" at issue in *Simplot I* is the Agreement. In contrast to the underlying claim in *Magic Valley Radiology*, the Sutfins were not parties to that Agreement and their personal liability is not otherwise at issue in the *Simplot I* lawsuit. Accordingly, their personal liability is the appropriate subject of a separate lawsuit.

MEMORANDUM DECISION AND ORDER- 10

Furthermore, the evidence at issue in the two lawsuits is distinct. In this lawsuit, *Simplot II*, the discovery will focus on the manner in which the Sutfin Defendants managed the corporation, Sutfin Land & Livestock, in terms of corporate formalities. Particular attention will be focused on the transfer of assets to the shareholders. In contrast, the evidence at issue in the prior lawsuit, *Simplot I*, will focus on the relative duties and performance of the parties to that Agreement, Plaintiffs and Sutfin Land & Livestock.

In short, the facts at issue in these two separate lawsuits, *Simplot I* and *Simplot II*, are not so related in time, space, origin, or motivation as to constitute a single "transaction;" they do not clearly form a convenient trial unit; and there is no indication that their treatment as a unit would otherwise conform to the parties' expectations or business understanding or usage. Instead, the issues related to: (1) Sutfin Land & Livestock and the Plaintiffs performance of their duties under the Agreement, on the one hand, and (2) the Sutfins' management of Sutfin Land & Livestock, on the other, are reasonably treated as distinct "transactions." Moreover, the transactions are logically separated into two distinct proceedings to determine: (1) the amount due and owing under the Agreement and, (2) if there is an amount owing, whether the Sutfins have managed Sutfin Land & Livestock in such a way that it is necessary to pierce the corporate veil and/or unwind certain transactions to ensure that Plaintiffs are paid any amounts due under the Agreement.

In sum, the Court finds that, while the parties may be treated as functionally the same in *Simplot I* and *Simplot II*, the claims are not. Thus, under Idaho law, this lawsuit is not a duplicative action and will not be dismissed on that basis.

### B. Defendant's Motion to Dismiss Plaintiffs' Corporate Veil Claim is Denied without Prejudice.

Defendants seek to dismiss Plaintiff's corporate veil claim on the basis that it is not an independent claim but is a theory of recovery dependent on a separate, underlying claim. The Court does not find dismissal appropriate on this basis.

As a preliminary matter, the parties do not adequately address what law should apply to this substantive claim brought against California residents and owners of a California corporation. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013) ("A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits"); *KDN Mgt., Inc. v. Winco Foods, LLC*, 423 P.3d 422 (Idaho 2018) ("'The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions to its creditors for corporate debts.'") (quoting Restatement (Second) of Conflicts § 307 (1971)). Nevertheless, at this point in the proceedings, there does not appear to be a conflict of law to resolve. Defendants cite to Idaho law (Dkt. 13-1, p. 5) and Plaintiffs do not address the issue. Further, California law regarding veil piercing appears, at least on the surface, to be similar to that in Idaho. *See Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 511, 121 Cal. Rptr. 3d 118, 137 (2010) (holding the two general requirements to pierce the corporate veil are "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.") Accordingly, the Court applies Idaho law, as the law of the

forum, unless and until the parties demonstrate that there is a conflict of law present and a choice of law decision for the Court to make. *See e.g. SmartReply, Inc. v. Hartford Cas. Ins. Co.*, No. 2:10-CV-01606-MJP, 2011 WL 338797, at *1 (W.D. Wash. Feb. 3, 2011).

Under Idaho law, issues of alter ego and veil piercing are equitable questions to be determined by the court. *Wandering Trails, LLC v. Big Bite Excavations, Inc.*, 329 P.3d 368, 373 (Idaho 2014). "Piercing the corporate veil imposes personal liability on otherwise protected corporate officers, directors, and shareholders for a company's wrongful acts allowing the finder of fact to ignore the corporate form." *Id.* at 376 (citing *VFP VC v. Dakota Co.,* 109 P.3d 714, 723 (2005)). The claimant must establish: (1) a unity of interest and ownership to a degree that the separate personalities of the corporation and individual no longer exist and (2) if the acts are treated as acts of the company, an inequitable result will follow. *Id*

Traditionally, a claim to pierce the corporate veil is treated as an equitable remedy rather than an independent cause of action. *See Coeur d'Alene Tribe v. Asarco Inc.*, Case No. 96-122-N-EJL, 2000 WL 34023645, at 5 (D. Idaho June 2, 2000) (quotations omitted); *Lunneborg v. My Fun Life*, 421 P.3d 187, 190 (Idaho 2018). At a minimum, for the Court to pierce the corporate veil and attach personal liability to the shareholders, there must be a separate "claim" or "wrongful act" for which the corporation is liable.

In this case, the "wrongful act" at the heart of Plaintiffs' veil piercing claim is the alleged failure of Sutfin Land & Livestock's to pay Plaintiffs under the terms of the Agreement. (Dkt. 8, ¶ 29.) Meaning, the veil-piercing claim in *Simplot II* is not alleged as

a stand-alone claim as Defendant's argue. Rather, it is derivative of, and dependent on, Sutfin Land & Livestock's liability for the breach of contract claim at issue in *Simplot I*.

Thus, the precise issue for the Court to determine is whether to allow a veil piercing claim to proceed in this lawsuit, *Simplot II*, while the underlying liability claim is being litigated in another lawsuit, *Simplot I*. Because the lawsuits are not duplicative under Idaho law and the veil piercing claim is premised upon a separate and independent claim of breach of contract, albeit one asserted in a separate lawsuit, the Court finds that the equities weigh in favoring of allowing the claim to proceed.

In reaching this conclusion the Court considers the following instructive. First is the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26)). All things being equal, the Court would prefer not to foreclose a potential remedy on technical grounds before liability has been resolved when that remedy is otherwise supported by the evidence.

Second, the fact the underlying claim or "wrongful act" against the corporation is in dispute does not act as an absolute bar to bringing a veil piercing claim. As the case law reflects, most veil piercing claims are filed before a judgment is entered regarding the underlying liability, because they are brought in the same lawsuit as the underlying claim. *See e.g. Lunneborg v. My Fun Life*, 421 P.3d 187 (trial court allowed plaintiff to add claims against shareholders to satisfy "potential judgment" against corporation). In fact, that is exactly what plaintiffs intended to do in *Simplot I,* but they were foreclosed from doing so in that lawsuit because the amendment was untimely.

MEMORANDUM DECISION AND ORDER- 14

Third, as long as claim preclusion does not bar a subsequent lawsuit, the fact that the corporate liability underlying the veil piercing claim is being determined in a separate lawsuit does not act as an absolute bar to a subsequently-filed, veil piercing claim. Judgment creditors appear to have two choices when they proceed with a veil piercing claim. Some judgment creditors pursue veil piercing claims in post-judgment proceedings in the same lawsuit. *See Semmaterials, L.P. v. Alliance Asphalt, Inc.*, Case No. 05-320-S-LMB, 2008 WL 161797 (Jan. 15, 2008); *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 511, 121 Cal. Rptr. 3d 118, 137. Other judgment creditors pursue veil piercing claims in a separate lawsuit. *See Magic Valley Radiology, P.A. v. Kolouch*, 849 P.2d 107 (disallowing subsequent lawsuit to pierce the corporate veil under collateral estoppel principles); *Thomas v. Khrawesh*, 272 F. Supp.3d 995 (E.D. Mich. 2007) (applying Michigan law and allowing subsequent lawsuit to pierce the corporate veil).

In this case, allowing Plaintiffs to proceed in this separate lawsuit with a veil piercing claim makes sense, in no small part, because the Complaint includes additional claims against the Sutfins related to their management of the corporation, Sutfin Land & Livestock. The veil piercing claim and fraudulent transfer claims, together, involve a separate nucleus of facts regarding the Sutfins' management of Sutfin Land & Livestock. These claims are efficiently tried together and apart from the corporation's liability to any third party.

Nonetheless, while the court finds it is appropriate in this case to allow Plaintiffs to proceed with the claims at issue, the Court finds that a stay is necessary in the interests of judicial economy, convenience, and to alleviate any potential risk of harassment to

MEMORANDUM DECISION AND ORDER- 15

Defendants that repetitive actions may pose. *See Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d at 328. Accordingly, while the Motion to Dismiss is denied, this action will be stayed until the issues in *Simplot I* are resolved unless the parties otherwise stipulate to proceed with this matter.

### C. *Intentionally and Constructively Fraudulent Transfers*

Plaintiffs bring these claims as creditors of Sutfin Land & Livestock alleging that "[t]he transfer of $100,000 to Dan Sutfin in December 2015, along with the transfers of any other cattle inventory, feed inventory, equipment, tools or other property to Dan Sutfin, were fraudulent transfers. (Dkt. 8, ¶¶ 31, 35.) Plaintiffs concede that the evidence they have relates only to the conduct of Dan Sutfin but argue that they should be "afforded the opportunity to conduct additional discovery in this action in order to determine the extent and nature of the fraudulent transfers" made by the other Defendants. (Dkt. 15, p. 17.)

Plaintiffs' arguments are not consistent with the pleading standards set forth in Rule 8(a)(2) and the plausibility standards articulated in *Iqbal* and *Twombly*. There has to be some factual allegation to support the claim as to each Defendant and, in this case, the relevant allegations support intentional and constructive fraudulent transfers against Defendant Dan Sutfin only. Accordingly, these two claims are dismissed as to Defendants Arthur Sutfin and Joan Sutfin.

### CONCLUSION

In sum, the Court finds that Defendants have demonstrated that dismissal is appropriate as to Counts Two and Three against Arthur Sutfin and Joan Sutfin. The remaining claims survive the Motion to Dismiss Amended Complaint. Nonetheless, a stay

MEMORANDUM DECISION AND ORDER- 16

is warranted under the circumstances. Accordingly, this case will be stayed pending resolution of *Simplot I*.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Dismiss Plaintiffs' Complaint (Dkt. 5) is DENIED AS MOOT;

(2) Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 13) is GRANTED IN PART and DENIED IN PART as described herein; and

(3) This lawsuit is stayed until either: (a) a judgment is entered in *Simplot Livestock Co., et al. v. Sutfin Land & Livestock*, Case No. 1:16-cv-00139-EJL-REB or (b) a stipulation signed by all of the parties is filed with the Court indicating that they wish to proceed with this case while the other lawsuit is pending.

DATED: September 6, 2018

Edward J. Lodge
United States District Judge